**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | |
|---|---|
| **YESSICA YUDITH ORTEGA BLANCO** | **CIVIL DOCKET NO. 6:26-CV-1022** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

**MEMORANDUM ORDER**

Before the court is a petition for writ of <u>habeas</u> <u>corpus</u> filed by <u>pro</u> <u>se</u> petitioner Yessica Yudith Ortega Blanco ("Petitioner"), pursuant to 28 U.S.C. §2241.  Petitioner is an immigration detainee at the South Louisiana ICE Processing Center in Basile, Louisiana.  Petitioner seeks her release from detention or a bond hearing.

A court may order a respondent to file an answer, motion, or other response, in its discretion.  <u>See</u> <u>generally</u> 28 U.S.C. § 2243; Rule 4 of the Rules Governing § 2254 Cases; <u>Danforth v. Minnesota</u>, 552 U.S. 264, 278 (2008); <u>Maniar v. Warden Pine Prairie Corr. Ctr.</u>, 6:18-CV-00544, 2018 WL 4869383, at *1 (W.D. La. 2018) (Hanna, M.J.).[1]  This court has determined that a 21 day briefing schedule with seven days to reply is reasonable and appropriate in cases like Petitioner's.

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases.  <u>See</u> <u>Hickey v. Adler</u>, 2008 WL  835764, *2 (E.D. Cal. 2008); <u>Castillo v. Pratt</u>, 162 F. Supp. 2d 575,

Accordingly, to determine whether Petitioner is entitled to relief;

**THE CLERK IS DIRECTED** to serve a summons, a copy of the Petition (Doc. 5), and a copy of this Order, by certified mail, on: (1) the United States through the United States Attorney for the Western District of Louisiana; (2) the United States Attorney General; and (3) DHS/ICE through its Office of General Counsel, and by regular mail on (1) the Warden where Petitioner is detained.

**IT IS ORDERED** that a Response be filed within **21 days** following the date of service.

**IT IS FURTHER ORDERED** that Petitioner shall have **seven days** following the filing of Respondents' answer to reply.

After the record is complete and delays have run, the court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 14th day of May 2026.

Mark L. Hornsby
U.S. Magistrate Judge

---

577 (N.D. Tex. 2001); <u>Wyant v. Edwards</u>, 952 F. Supp. 348 (S.D.W. Va. 1997); <u>see</u> <u>also</u> <u>Taylor v. Gusman</u>, 20-CV-449, 2020 WL 1848073, at *1 (E.D. La. Apr. 13, 2020) ("District courts are therefore free to apply these rules to habeas petitions brought under 28 U.S.C. § 2241").